FILED 192
Honorable James I. Spainhower State Treasurer Room 229, Capitol Building Jefferson City, Missouri 65101
Dear Mr. Spainhower:
This letter is issued in response to your opinion request asking whether the state treasurer has the responsibility to perform certain duties assigned to him by House Committee Substitute for Senate Substitute for Senate Bill 234, enacted by the 79th General Assembly. For the purpose of brevity, we will refer to this legislation as the County Sales Tax Act. Generally, this act enables the governing body of certain counties to impose a sales tax for the benefit of the county upon a favorable vote of the citizens thereof. If the sales tax is imposed by the governing body of the county, no city sales tax may be imposed by any city, town or village located wholly or partially within the county. The tax is to be implemented generally in accordance with the state sales tax laws set forth in Sections144.010 to 144.510, RSMo, and is to be collected by the director of revenue.
Section 5(1) of the County Sales Tax Act requires the state treasurer to deposit the taxes collected by the director of revenue in a special trust fund to be known as the "County Sales Tax Trust Fund." Section 5(1) goes on to state:
 ". . . The moneys in the county sales tax trust fund shall not be deemed to be state funds and shall not be commingled with any funds of the state. . . ."
The treasurer is further required to distribute the funds to the county and to its cities, towns and villages according to the method prescribed. In addition, under Section 5(4), the director of revenue may authorize the state treasurer to make refunds from the amounts in the trust fund, and if the tax is abolished, the director of revenue shall authorize the state treasurer under certain circumstances to remit the balance in the account of the county and to close the account of that county.
In 1969, the General Assembly enacted the City Sales Tax Act, now codified in Sections 94.500 to 94.570, RSMo. The duties imposed on the state treasurer by that act were identical in all relevant respects to the duties imposed by the new County Sales Tax Act being considered here. Additionally, the City Sales Tax Act provides for the establishment of a city sales tax trust fund which is similarly "not to be deemed state funds." Section94.550(1), RSMo.
In Opinion No. 110 (1970), a copy of which is enclosed, this office ruled that the legislature could not impose such duties on the state treasurer by reason of Article IV, Section 15 of the Missouri Constitution, which provides in part:
 ". . . No duty shall be imposed on the state treasurer by law which is not related to the receipt, investment, custody and disbursement of state funds."
(Emphasis supplied)
Because the city sales tax act expressly declared that the moneys collected thereunder were not to be deemed state funds, Opinion No. 110 ruled that the duties imposed on the state treasurer by that act were violative of the above-quoted constitutional provision.
Opinion No. 110 went on, however, to conclude that the portion of the City Sales Tax Act imposing unconstitutional duties on the state treasurer could be severed from the balance of the act. Based on the reasoning of that opinion and the similarity between the two acts, we conclude that the legislature may not impose the duties set forth in the County Sales Tax Act upon the state treasurer, but that the portion of the act imposing these duties can be severed from the balance of the act.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure